FILED

Oct. 08, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLI ANNE RAINING BIRD MORSETTE,<br><br>Defendant. | CR 15-61-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Billi Anne Raining Bird Morsette (Morsette) has been accused of violating the conditions of her supervised release. Morsette admitted all of the alleged violations, except two. Morsette did not admit alleged violations 5 and 6. The government did not attempt to prove alleged violations 5 and 6. Morsette's supervised release should be revoked. Morsette should be placed in custody for 5 months, with 31 months of supervised release to follow. Morsette should serve the first 6 months of supervised release at a residential re-entry center.

## II. Status

Morsette pleaded guilty to Conspiracy to Embezzle Tribal Funds on December 1, 2015. (Doc. 37). The Court sentenced Morsette to 41 months of

custody, followed by 3 years of supervised release. (Doc. 58). The Court reduced Morsette's sentence to time served on September 21, 2017, in response to the government's Rule 35 motion. (Doc. 76). Morsette's current term of supervised release began on September 21, 2017. (Doc. 98 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on June 10, 2019, requesting that the Court revoke Morsette's supervised release. (Doc. 98). The Amended Petition alleged that Morsette violated the conditions of her supervised release: 1) by using methamphetamine; 2) by failing to report for substance abuse testing; 3) by failing to report for substance abuse treatment; 4) by failing to pay restitution as directed by the United States Probation Office; and 5) by failing to comply with her curfew.

**Initial appearance**

Morsette appeared before the undersigned for her initial appearance on the Amended Petition on October 7, 2019. Morsette was represented by counsel. Morsette stated that she had read the petition and that she understood the allegations. Morsette waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 7, 2019. Morsette admitted that she had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report for substance abuse testing; 3) by failing to report for substance abuse treatment; 4) by failing to pay restitution as directed by the United States Probation Office; and 5) by failing to comply with her curfew. Morsette did not admit alleged violations 5 and 6. The government did not attempt to prove alleged violations 5 and 6. The violations that Morsette admitted are serious and warrant revocation of Morsette's supervised release.

Morsette's violations are Grade C violations. Morsette's criminal history category is I. Morsette's underlying offense is a Class A misdemeanor. Morsette could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Morsette's supervised release should be revoked. Morsette should be placed in custody for 5 months, with 31 months of supervised release to follow. Morsette should serve the first 6 months of supervised release at a residential re-entry center. The supervised release conditions imposed previously should be

continued. This sentence is sufficient but not greater than necessary. This sentence should run concurrent with the sentence imposed in Cause **CR** 15-40-GF-BMM-JTJ.

## IV. Conclusion

The Court informed Morsette that the above sentence would be recommended to Judge Morris. The Court also informed Morsette of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Morsette that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Morsette stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Billi Anne Running Bird Morsette violated the conditions of her supervised release by using methamphetamine, by failing to report for substance abuse testing, by failing to report for substance abuse treatment, by failing to pay restitution as directed by the United States Probation Office, and by failing to comply with her curfew.

The Court **RECOMMENDS:**

> That the District Court revoke Morsette's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 5 months, with 31 months of supervised release to follow. Morsette should serve the first 6 months of supervised release at a

residential re-entry center. The supervised release conditions imposed previously should be continued. This sentence should run concurrent with the sentence imposed in Cause CR 15-40-GF-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of October, 2019.

John Johnston
United States Magistrate Judge