IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLI ANNE RAINING BIRD MORSETTE,<br><br>Defendant. | CR 15-61-GF-BMM-JTJ<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Billi Anne Raining Bird Morsette (Morsette) has been accused of violating the conditions of her supervised release. Morsette admitted alleged violations 1, 2, 3, 4a, 4b and 5. The government failed to satisfy its burden of proof with respect to alleged violation 3. Morsette's supervised should be revoked. Morsette should be placed in custody until August 17, 2022, with 12 months of supervised release to follow. The District Court should consider terminating Morsette's supervised release if Morsette completes 6 continuous months of supervised release with no violations.

## II. Status

Morsette pleaded guilty to Conspiracy to Embezzle Tribal Funds on

December 1, 2015.  (Doc. 37).  The Court sentenced Morsette to 41 months of custody, followed by 3 years of supervised release.  (Doc. 58).  The Court reduced Morsette's sentence to time served on September 21, 2017, in response to the government's Rule 35 motion.  (Doc. 76).  Morsette's current term of supervised release began on January 31, 2020.  (Doc. 112 at 2).

### Petition

The United States Probation Office filed an Amended Petition on May 17, 2022, requesting that the Court revoke Morsette's supervised release.  (Doc. 112).  The Amended Petition alleged that Morsette violated the conditions of her supervised release: 1) by knowingly interacting with a convicted felon; 2) by failing to maintain full-time employment; 3) by failing to follow the instructions of her probation officer; 4) by failing to make monthly restitution payments; 5) by committing another crime; and 6) by possessing methamphetamine.

### Initial appearance

Morsette appeared before the undersigned for her initial appearance on the Amended Petition on July 6, 2022.  Morsette was represented by counsel.  Morsette stated that she had read the petition and that she understood the allegations.  Morsette waived her right to a preliminary hearing.  The parties

consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 6, 2022. Morsette admitted that she had violated the conditions of his supervised release: 1) by knowingly interacting with a convicted felon; 2) by failing to maintain full-time employment; 4a) by failing to make monthly restitution payments; 4b) by committing another crime; and 5) by possessing methamphetamine. The government failed to satisfy its burden of proof with respect to alleged violation 3. The violations that Morsette admitted are serious and warrant revocation of Morsette's supervised release.

Morsette's violations are Grade C violations. Morsette's criminal history category is I. Morsette's underlying offense is a Class A misdemeanor. Morsette could be incarcerated for up to 12 months. Morsette could be ordered to remain on supervised release for up to 31 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Morsette's supervised release should be revoked. Morsette should be placed in custody until August 17, 2022, with 12 months of supervised release to follow. This sentence is sufficient but not greater than necessary. This sentence

should run concurrent with the sentence imposed in Cause CV 15-40-GF-BMM-JTJ.  The District Court should consider terminating Morsette's supervised release if Morsette completes 6 continuous months of supervised release with no violations.

## IV.  Conclusion

The Court informed Morsette that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Morsette of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Morsette that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Billi Anne Running Bird Morsette violated the conditions of her supervised release: by knowingly interacting with a convicted felon; by failing to maintain full-time employment; by failing to make monthly restitution payments; by committing another crime; and by possessing methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Morsette's supervised release and commit her to the custody of the United States Bureau of Prisons until August 17, 2022, with 12 months of supervised release to follow. This sentence should run concurrent with the sentence imposed in Cause CR 15-40-GF-BMM-JTJ.  The District Court should consider terminating Morsette's supervised release if Morsette completes

6 continuous months of supervised release with no violations.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of July, 2022.

_____
John Johnston
United States Magistrate Judge